IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| RANDEEP SINGH MANN, M.D., | ) | |
| | ) | |
| *Movant/Petitioner*, | ) | |
| | ) | No. 4:14-CV-00614-BSM |
| v. | ) | |
| | ) | Criminal Case No. |
| | ) |    4:09CR00099-01 BSM |
| UNITED STATES, | ) | |
| | ) | |
| *Respondent.* | ) | |

**NOTICE OF AMENDMENT BY INTERLINEATION
TO CORRECT NAME OF WITNESS AND ADD GROUND**

COMES NOW the movant/petitioner, Randeep Singh Mann, M.D., by and through counsel, John William Simon, and amends as of right his pending motion under 28 U.S.C. § 2255 pursuant to Fed. R. Civ. P. 15(a)(1)(A) by interlineation as set forth in this pleading.

In explanation of this notice of amendment, Dr. Mann states and alleges all as follows:

1.     On Monday, October 20, 2014, through counsel, Dr. Mann filed a motion for post-conviction relief under 28 U.S.C. § 2255.  That motion is currently docketed as Doc. No. 395 in the underlying criminal case.

2. For ECF purposes, this pleading is a notice because it does not require action by the Court for a party to make an amendment as of right.

3. Dr. Mann's petition for certiorari seeking discretionary review of the affirmance of his conviction and sentence was denied on October 21, 2013. *Mann v. United States*, 134 S.Ct. 470 (2013) (mem.).

4. 28 U.S.C. § 2255(f)(1) provides that one out of four dates on which to start the one-year limitation period for section 2255 motions is the date the judgment became final on the conclusion of the direct-appeal process. Under this subparagraph, the motion per se could have been filed today. Fed. R. Civ. P. 6(a)(1)(A).

5. This amendment corrects the naming of the witness who refused to be interviewed by a defense investigator but chose to be interviewed by agents of the prosecution-police team. In 1.8 of the original motion (page 12), that individual was misidentified as Rinke (though from the record citation it is clear the witness was Kimbell). It fact it ***was*** Kimbell. This amendment corrects that ministerial error. Respondent is not prejudiced by one day's existence of an erroneous

word in a 58-page document.  Both men were in privity as to the transactions and occurrences set forth in the original motion, and were in fact confabulated in the prosecution-police team's second- and third-hand hearsay presented in support of detaining Dr. Mann before trial. DT:I.4-5.

6. This amendment also adds a ground.  The added ground does not plead new facts, but invokes an additional or alternative legal basis for seeking relief on the facts verified by the movant and demonstrated by expert declarations, and draws logical inferences rather than averring new facts.  For purposes of mathematical clarity, Dr. Mann presents this ground as 20; it is in fact the twentieth ground. It would thus appear at page 54 of the original motion.

7. Notwithstanding the number and placement in the grounds, Ground 20 comes within the intent of Ground 19's reference to "previous grounds" because from a logical point of view it would have been "Ground 1a" beginning at page 14.

8. The new ground is as follows:

20. Respondent's custody over Dr. Mann depends on the respondent's failure to produce exculpatory evidence in violation of the Due Process Clause of the Fifth Amendment or, in the alternative, the deprivation of his right to the effective assistance of counsel in violation of the Sixth Amendment, that occurred when the prosecution-police team did not disclose to the defense the evidence from which the inference could be drawn that an ammunition canister containing ninety-eight M406 40-mm. high-explosive grenades was planted on property close to Dr. Mann's home for the purpose of obtaining a search warrant, and for the prosecution-police team's use of the fruits of the resulting search.

   20.1. In support of this Ground 20, Dr. Mann relies on the facts set forth in Ground 1 of the original verified motion, specially, in its components 1.1 through 1.4, and the detailed averments and exhibits included in it.

   20.2. In support of this Ground 20, Dr. Mann points out as well the averments set forth in components 1.6 through 1.8 of the original verified motion, with the exception that Kimbell rather than Rinke was the member of the pair that refused to be interviewed by the defense while speaking with the prosecution-police team.

   20.3. Based on the foregoing facts, if the prosecution-police team had provided trial counsel the information they sought by attempting to interview Kimbell, or had been provided the statements Rinke made in his trial testimony, defense counsel would have been in a position to subject the prosecution-police team's averments about the search to the crucible of meaningful adversarial testing.  Regardless of which party is responsible for the lack of information in the hands of defense counsel before trial, Dr. Mann did not receive the meaningful adversarial testing of the prosecution-police team's case as to the critical predicate for the search of his home on March 4, 2009, and his conviction on count 3 that the Sixth Amendment guarantees.

20.4.   The information about the story surrounding the hole was material, inter alia, in that it is inconsistent with the physical facts, and would have provided a basis for quashing the indictment and for suppressing the evidence of the actus reus of count 3 as well as the materials the prosecution-police team held out as evidence in support of the remaining counts and/or that led to Dr. Mann's jailing, which resulted in the closure of his clinic and therefore the allegations in counts 7-9.

WHEREFORE, on the basis of each and all of the foregoing Ground 20 in this amendment, and Grounds 1-19 in the original motion, the movant/petitioner prays the Court for its order vacating the judgment of conviction and sentence in the underlying matter, No. 4:09CR00099-01 BSM, and for any other relief to which the movant/petitioner may be entitled.

Respectfully submitted,

s/John William Simon
JOHN WILLIAM SIMON
Constitutional Advocacy, LLC
7201 Delmar Blvd., Suite 201
St. Louis, Missouri  63130-4106

(314) 604-6982
Fax  (314) 754-9083
*simonjw1@yahoo.com*

*Attorney for Movant/Petitioner*

Certificate of Service

I hereby certify a true and correct copy of the foregoing was e-mailed, this twenty-first day of October 2014, to the offices of all counsel of record in the underlying criminal case.

s/John William Simon
Attorney for Movant/Petitioner